### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| **ROBERT WAYNE BENNETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 09-2318** |
| **MARK R. DORAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#89) filed by Defendant Lisa Oakley ("Oakley"), and the Motion for Summary Judgment (#94) filed by Defendant Judy Bender ("Bender"). This court has carefully reviewed the arguments and supporting documents filed by the parties. Following this careful and thorough review, Defendants' Motions for Summary Judgment (#89, #94) are GRANTED.

### PROCEDURAL BACKGROUND

On December 23, 2009, Plaintiff filed his initial Complaint (#1). After this court held a merit review hearing on February 3, 2010, Plaintiff was allowed to proceed on his claim of indifference to his serious medical needs and inhumane conditions of confinement and was granted leave to amend his complaint to add Defendants Oakley and Bender. On March 15, 2010, Plaintiff filed his Amended Complaint (#8). With respect to Defendants Oakley and Bender, Plaintiff's Amended Complaint (#8) alleged that in their role as medical providers, they were indifferent to his serious medical needs by failing to provide prescription drugs in a timely manner.

On June 7, 2011, Defendant Oakley filed a Motion for Summary Judgment (#89). Defendant Oakley's Motion listed thirty-eight undisputed material facts and argued that she was entitled to summary judgment because: (1) Plaintiff did not suffer from an objectively serious medical need; and (2) Oakley was not deliberately indifferent to a serious medical need. On June 8, 2011, a Notice (#90) was sent to Plaintiff. The Notice stated:

> NOTICE IS HEREBY GIVEN that a case-dispositive motion (such as a motion for summary judgment or motion for judgment on the pleadings) has been filed. See Fed.R.Civ.P.12(b)(6), Fed.R.Civ.P.56; Fed.R.Civ.P12(c),. Please be advised that you have **twenty-one (21)** days from the date of filing to respond to the motion. If you do not respond, the motion, if appropriate, will be granted and the case will be terminated without a trial. See, generally, Lewis v. Faulkner, 689 F. 2d 100 (7th Cir. 1982); Timms v. Frank, 953 F. 2d 281 (7th Cir. 1992). Under the court's local rules, a motion is deemed to be uncontested if no opposing brief is filed. See L.R. CDIL 7.1(D)(2).
>
> When a motion for summary judgment is made and properly supported, you must not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. **See Fed. R. Civ. P 56(e) and L.R. 7.1(attached)**.

Additionally, a copy of Rule 56 of the Federal Rules of Civil Procedure and a copy of Local Rule 7.1 was attached to the Notice sent to Plaintiff. On June 27, 2011, Plaintiff filed a five-page Response (#92), arguing that although Defendant Oakley did provide him with medical care and order him medicine, she was deliberately indifferent by failing to reorder his prescriptions in a timely manner. Plaintiff did not include any sworn statements in his Response nor did he attach any affidavits. Additionally, Plaintiff's Response did not comply with Rule 56 or Local Rule 7.1(D)(2).

On October 17, 2011, Defendant Bender filed a Motion for Summary Judgment (#94). Defendant Bender's Motion listed sixteen undisputed material facts and argued that she was entitled to summary judgment because: (1) Plaintiff did not suffer from an objectively serious medical need; and (2) Bender was not deliberately indifferent to a serious medical need. On October 17, 2011, a Notice (#95) was sent to Plaintiff, which contained the exact same information as Notice (#90). On November 7, 2011, Plaintiff requested an extension of time to respond to the Motion for Summary Judgment (#94), which was granted by this court. The deadline for Plaintiff's response was January 6, 2012. Plaintiff did not file a response by the deadline, and in fact, has not filed any response even though over three months have passed since the January 6, 2012 deadline.

## FACTS[1]

Plaintiff was incarcerated in Ford County Jail beginning on September 17, 2009. At the time of his incarceration, Plaintiff had been prescribed certain medication, including Clonazepam (anxiety), Vicodin ES (back pain), Tramadol (pain reliever) and Trazodone (depression). After his period of incarceration began, Plaintiff filed written complaints with the Ford County Sheriff's Office ("Sheriff's Office") regarding the unavailability of various medications and the conditions of his confinement.

### I. Defendant Oakley's Involvement with Plaintiff

Defendant Oakley is a registered nurse and is a licensed Certified Nurse Practitioner.

---

[1] The facts are taken from Defendants' statement of undisputed facts, which have not been contradicted by Plaintiff. This court has only included facts which are adequately supported by evidence in the record.

3

Oakley is employed as a Certified Nurse Practitioner by Paxton Clinic. As part of her employment, Oakley provides nursing care to individuals incarcerated at Ford County Jail on occasion. Oakley only performs such nursing services for inmates when requested by representatives of the Ford-Iroquois Public Health Department ("Health Department"). The Health Department's first request for Oakley to provide medical care for Plaintiff was on September 28, 2009. When Oakley provided care to Plaintiff on September 28, 2009, Plaintiff's medications were modified on Oakley's suggestion— modifications which were acceptable to Plaintiff. The medication prescribed by Oakley was refillable by the pharmacy for a pre-determined number of doses. After this pre-determined amount was fully used, authorization to continue on the medication was required.

Authorization for prescriptions for the inmates at the Ford County Jail involved the following process: (1) jail personnel send a request for a refill to the pharmacy; (2) the pharmacy contacts the health care provider by fascimile or telephone to verify that the particular medication should be refilled; (3) if medically appropriate, the health care provider authorizes the pharmacy to refill the medication and send it to the jail.

On November 23, 2009, Plaintiff filed a written complaint with the Sheriff's Office regarding the unavailability of Trazodone. This complaint was received by Stacey Bruens, an employee of the Sheriff's Office. Oakley did not receive a request to refill Plaintiff's Trazodone prescription at this time. On December 1, 2009, Oakley provided nursing treatment to Plaintiff at the Ford County Jail. Oakley prescribed Vicodin for Plaintiff's back pain and increased his prescription to Trazodone and Clonazepam. On December 5 and

December 7, 2009, Plaintiff filed written complaints with the Sheriff's Office indicating that his Tramadol prescription had not been filled. On December 4, 2009, a pharmacy sent a "Refill Authorization Request" to Oakley. December 4, 2009 was a Friday. On Monday, December 7, 2009, Oakley provided the authorization for two refills of the requested prescription.

On December 7, 2009, Plaintiff requested medical assistance. On December 8, 2009, Oakley provided health care to Plaintiff, including prescribing Benadryl and antibiotic ointment for Plaintiff's ailments. During this visit, Plaintiff did not inform Oakley that he was having trouble receiving his Trazodone or Tramadol prescriptions. On December 22, 2009, Plaintiff filed another written complaint with the Sheriff's Office requesting to see a nurse about his prescriptions running out. Oakley's did not receive any request to provide Plaintiff with medical assistance at this point or to authorize a prescription refill. Plaintiff filed several written complaints with the Sheriff's Office on December 25, December 26, and December 28, 2009, complaining that his medication was not being provided to him and that his request to see a nurse was not granted. On December 28, 2009, Oakley authorized a prescription for Hydrocodone with APAP. On December 31, 2009, Oakley provided health care treatment for Plaintiff. Oakley increased Plaintiff's Clonazepam prescription and provided him with Tylenol.

On January 11, 2010, Oakley provided Plaintiff with nursing treatment, in response to Plaintiff's written request to the Sheriff's Office on January 8, 2010 for treatment. Plaintiff was provided with a prescription for Prozac (anti-depressant), Baclofen (pain medication),

and Afrin (nasal decongestant). Between January 13 and January 15, 2010, Plaintiff filed five written complaints with the Sheriff's Office regarding the availability of his Tramadol prescription. On January 18, 2010, Oakley received a request to authorize Clonazepam for Plaintiff, which she did on the same day. On January 25, 2010, Oakley authorized Acetaminophen for Plaintiff.

On January 29 and January 30, 2010, Plaintiff filed written complaints with the Sheriff's Office requesting to see a nurse about renewing his prescription medication. On February 1, 2010, Plaintiff wrote a letter to the Ford County Sheriff explaining the difficulties he was having receiving his prescriptions. In this letter, Plaintiff acknowledged that Defendants Oakley and Bender were a "big help" in providing medical treatment. On February 2, 2010, Oakley provided Plaintiff with nursing treatment. At this visit, Plaintiff informed Oakley for the first time that his prescription medication had been running out. Oakley authorized a refill for Clonazepam on February 2, 2010. On February 23, 2010, Oakley provided health care treatment to Plaintiff, and on this date, accommodated Plaintiff's request to reduce his Prozac prescription. On March 3 and March 4, 2010, Plaintiff filed written complaints with the Sheriff's Office that his Trazodone prescription had run out. Around this time period, Oakley did not receive a request to refill Plaintiff's Trazodone prescription.

On March 30, 2010, Oakley provided health care treatment to Plaintiff. At this visit, Plaintiff requested that his Prozac prescription be reduced, which was accommodated by Oakley. On April 13, 2010, Oakley provided health care treatment to Plaintiff at which time

Plaintiff had ceased taking Prozac because his anxiety was under control.

## II. Defendant Bender's Involvement with Plaintiff

Defendant Bender is a registered nurse who is employed by the Health Department. Bender, as a registered nurse, is not authorized under Illinois law to prescribe medication or alter a prescription. Once a week, Bender would see prisoners at the Ford County Jail that were on her list of patients. Bender had no control over when the Ford County Jail would place patient's names on the list. Bender's first encounter with Plaintiff was on September 25, 2009. Plaintiff requested an additional mattress and more food to eat. Bender requested that Plaintiff be placed on Oakley's list of patients. On November 2, 2009, Bender provided health care treatment to Plaintiff. At this visit, Plaintiff requested extra portions of food from the kitchen and Biofreeze for soreness. Bender requested that Plaintiff be placed on Oakley's list of patients for the Biofreeze request.

Bender did not provide any nursing care to Plaintiff between November 3, 2009 and December 27, 2009, and never was the recipient of a request for prescription refills from Plaintiff. On December 28, 2009, Bender provided treatment for Plaintiff's complaints of headache and knee pain. She provided Plaintiff with Tylenol and Plaintiff stated that he felt better. Bender also requested that Plaintiff be placed on Oakley's list of patients. On January 11, 2010, Bender provided treatment for Plaintiff's complaints of sinus pain. She requested that Plaintiff be placed on Oakley's list of patients. January 11, 2010 was Bender's final interaction with Plaintiff.

## ANALYSIS

### I. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Burwell v. Pekin Cmty. High Sch. Dist. 303, 213 F. Supp. 2d 917, 929 (C.D. Ill. 2002). Speculation, however, is not the source of a reasonable inference. See Burwell, 213 F. Supp. 2d at 929 (citing Chmiel v. JC Penney Life Ins. Co., 158 F.3d 966, 968 (7th Cir. 1998)).

Therefore, the nonmoving party cannot rest on mere allegations or denials to overcome a motion for summary judgment; "instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1111 (7th Cir. 2004). Specifically, to survive summary judgment, the nonmoving party "must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at

trial." Kampmier v. Emeritus Corp., 472 F.3d 930, 936 (7th Cir. 2007), citing Celotex Corp., 477 U.S. at 322-23.  Conclusory allegations not supported by the record are not enough to withstand summary judgment.  Basith v. Cook Cnty., 241 F.3d 919, 928 (7th Cir. 2001).

## II.  Deliberate Indifference Claims

Defendants Oakley and Bender both provided documentary support for the undisputed facts listed in their Motions for Summary Judgment (#89; #94).  In his Response (#92) to Defendant Oakley's Motion for Summary Judgment (#89), Plaintiff did not respond to her statement of undisputed facts and did not counter any of the facts set out by Oakley with an affidavit or other documentary evidence.[2]  Plaintiff did not file any response to Defendant Bender's Motion for Summary Judgment (#94) by the deadline, and in fact, has not filed any response even though over three months have passed since the January 6, 2012 deadline.  Therefore, Plaintiff has conceded Defendants Oakley's and Bender's version of the facts. See Waldridge, 24 F.3d at 922; Stoltey v. Brown, 2007 WL 2681198, at *4 (C.D. Ill. 2007), aff'd 283 Fed. Appx. 402 (7th Cir. 2008); Columbia Pictures, Indus., Inc. v. Landa, 974 F. Supp. 1, 3-4 (C.D. Ill. 1997).  Even though Plaintiff did not adequately respond to the Motion for Summary Judgment filed by Defendants Oakley or Bender, this court must make the further finding that summary judgment is proper as a matter of law.  LaSalle Bank Lake

---

[2]Plaintiff was notified that he must respond to the Motion for Summary Judgment "by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached."  He was informed that his "response must set forth specific facts showing that there is a genuine issue of material fact for trial" and that if he did "not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment."

View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995); Stoltey, 2007 WL 2681198, at *4.

Plaintiff's claims against Defendants Oakley and Bender are based on alleged deliberate indifference to his serious medical needs, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. To successfully establish his deliberate indifference claim, Plaintiff must demonstrate: (1) that he had a serious medical need; and (2) the Defendants were deliberately indifferent to his serious medical need. See, e.g., Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). A prison official cannot be found liable for deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A. *Defendant Oakley's Motion for Summary Judgment (#89)*

The undisputed material facts demonstrate that Plaintiff had a variety of medical conditions that warranted treatment—therefore, for purposes of this motion, this court will presume that Plaintiff can establish that he had a serious medical need. Nevertheless, the undisputed facts demonstrate that Defendant Oakley was not deliberately indifferent to Plaintiff's medical needs. Plaintiff does not dispute that the medical care and prescriptions that he received were effective—rather, he only complains that the delay in receiving his prescription drugs constituted deliberate indifference. Even if the delay in providing his prescription drugs could constitute deliberate indifference based on the facts in this case, Defendant Oakley was not aware of the delay. It is undisputed that Oakley visited Plaintiff

on numerous occasions and prescribed appropriate medications for Plaintiff's symptoms. Additionally, whenever Oakley received a request for authorization to refill Defendant's prescriptions from a pharmacy, Oakley authorized the request promptly. Although Plaintiff filed many complaints with the Sheriff's Office about prescriptions running out, Defendant Oakley was not aware of these complaints and cannot be found liable for Plaintiff's needs which she was not aware of. See id. at 837. Therefore, because Plaintiff has failed to offer evidence that would satisfy the second required prong of his deliberate indifference claim against Defendant Oakley, her Motion for Summary Judgment (#89) is GRANTED.

B. *Defendant Bender's Motion for Summary Judgment (#94)*

The undisputed material facts provided by Defendant Bender establish that Plaintiff is entitled to no relief in this court. Specifically, the undisputed evidence presented by Defendant Bender shows that: (1) Bender was only allowed to see Plaintiff when the jail requested that she visit him; (2) Bender visited Plaintiff on five occasions and on each of these occasions she provided nursing care and requested that Plaintiff receive care by Defendant Oakley; (3) Bender was not aware at any time that Defendant's prescriptions needed to be refilled; and (4) Bender was not allowed to prescribe medication or alter a prescription for medication. Based on these facts, it is clear that Defendant Bender was not deliberately indifferent to Defendant's medical needs because she provided appropriate care when she did visit Defendant and she was not aware of Plaintiff's complaints about prescriptions running out. Therefore, because the undisputed facts demonstrate that Plaintiff is unable to satisfy the second required prong of his deliberate indifference claim against

Defendant Bender, her Motion for Summary Judgment (#94) is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant Lisa Oakley's Motion for Summary Judgment (#89) is GRANTED.

(2) Defendant Judy Bender's Motion for Summary Judgment (#94) is GRANTED.

(3) The clerk of the court is directed to enter judgment in favor of Defendants Lisa Oakley and Judy Bender and against the Plaintiff pursuant to Federal Rules of Civil Procedure 56.

(4) This case remains set for a final pretrial conference on October 26, 2012, at 9:00 a.m. in Courtroom A in Urbana, Illinois, before Judge Michael P. McCuskey.

ENTERED this 30th day of March, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE